IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Brently B. Ironroad,              ) | |
|                                   ) | |
|     Plaintiff, ) | **ORDER TO SHOW CAUSE** |
|                                   ) | |
| v.                                ) | |
|                                   ) | |
| Dallas Thiesson, Administrative Personal ) | |
| North Dakota State Penitentiary,  ) | Case No.: 1:25-cv-00230 |
|                                   ) | |
|     Defendant. ) | |

Plaintiff Brently B. Ironroad ("Plaintiff") initiated the above-captioned action *pro se* against Defendant Dallas Thiesson, Administrative Personal for the North Dakota State Penitentiary ("Defendant") pursuant to 42 U.S.C. § 1983. The court has reviewed Plaintiff's complaint and, for the reasons that follow, finds that Plaintiff has failed to assert any cognizable federal claims.

I.  **BACKGROUND**

Plaintiff previously brought suit against Defendant in federal court. However, this case was closed to due to Plaintiff's failure to complete the Prisoner Litigation Packet. (*See* Case No. 1:25-cv-00192).

Plaintiff now brings suit against Defendant again, in both his official and individual capacities under 42 U.S.C. § 1983. Plaintiff's complaint is sparse, with limited information to ascertain Plaintiff's claim. However, Plaintiff asserts as follows:

> Public Services- A Discriminatory Practice- (12-44-01.1), 14-02, 4-15 through securus monitoring cameras and electronics for a duration of 15 month, without consent and "Picture Taken Sexual Misconduct."

(Doc. No. 4 at 5) (error in original). Plaintiff requests relief in the form of compensation for mental health and emotional despair. (*Id.* at 7).

## II. STANDARD OF REVIEW

28 U.S.C. § 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that … the action … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 915(e)(2). Federal Rules of Civil Procedure 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the standard, the Court must accept the plaintiff's factual allegations as true and make reasonable inferences in the plaintiff's favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). On the other hand, the Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). In other words, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

## III. DISCUSSION

Having reviewed Plaintiff's Complaint, the undersigned finds that Plaintiff has failed to state a plausible claim.

Federal Rules of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet the minimal pleading

requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 n.3 (2007). The complaint must state enough to "give the defendant a fair notice of what the … claim is and the grounds upon which it rests." *Id.* Also, the complaint must state enough to satisfy the "plausibility standard" for stating a cognizable claim as established in *Twombly* and further amplified by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-84 (2009).

Under the *Iqbal*/*Twombly* plausibility standard, the complaint must state enough factual matter, which accepted as true, states a claim that is plausible on the face of the allegations. *See id.* A claim crosses the threshold of being plausible when the factual allegations do more than merely create a suspicion of a legally cognizable action and "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. *Id.*; *Iqbal*, 556 U.S. at 680-81. Determining whether a complaint states a plausible claim is "a context specific task" that requires the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The entirety of Plaintiff's complaint consists of an allegation of discriminatory practice through the use of electronic monitoring and what the court assumes is citations to the North Dakota Century Code. This is not enough under Rule 8. In reading the complaint, it is not possible to discern what specific conduct is at issue, who allegedly engaged in the conduct, when the alleged conduct occurred, and how Plaintiff was affected by such conduct. Accordingly, Plaintiff has not

pled sufficient facts to state a cognizable constitutional claim. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 680-81; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law.") (emphasis in original).

The fact that Plaintiff is proceeding *pro se* does not excuse his noncompliance with Rule 8. *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) ("Pro se litigants are not excused from complying with court orders or substantive and procedural law."). Because Plaintiff's complaint fails to satisfy the most basic pleading requirements and provide fair notice of the nature of and the grounds for his claims, it is subject to dismissal for failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

For the reasons discussed above, the court finds that Plaintiff's Complaint is devoid of any cognizable claims. Before dismissing this action for failure to state claims for which relief may be granted, the court shall give Plaintiff until November 6, 2025, to show cause why this action should not be dismissed or otherwise file an Amended Complaint. Failure to timely comply with this order may result in the summary dismissal of this action. Plaintiff should take note that an Amended Complaint becomes the operative pleading when filed, leaving the original pleading with no legal effect. This means that nothing outside the amended complaint will be considered. Any amended complaint filed by Plaintiff will be subject to review pursuant to 28 U.S.C. § 1915(e).

**IT IS SO ORDERED.**

Dated this 7th day of October, 2025.

                                                */s/ Clare R. Hochhalter*
                                                Clare R. Hochhalter, Magistrate Judge
                                                United States District Court